

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

February 20, 2025

Honorable Juan R. Sánchez
Judge, United States District Court
601 Market Street
Philadelphia, PA 19106-1744

    Re:    *United States v. Dominique Parker and Kelvin Jimenez* (No. 20-CR-417)
            Response to Order (ECF No. 271)

Dear Judge Sánchez:

    At the direction of the Court, the government submits proposed jury instructions, including an instruction regarding consideration of evidence concerning the murder of Sgt. James O'Connor. In truth, the government does not believe that a separate instruction regarding the O'Connor murder is necessary and would not be surprised if defense counsel do not desire a separate instruction so as not to call undue attention to the murder. The parties, in their arguments to the jury, will all certainly communicate the salient point that the defendants on trial did not personally murder Sgt. O'Connor, and cannot be found guilty of any charge based only on the fact that this act occurred.

    The parties will then proceed to present their positions regarding the relevance of the murder, with the government adhering to the points presented in its earlier briefing and in this Court's order denying the defendants' motion *in limine*. At the same time, the Court will give the standard model instruction that the jury must consider the evidence against each defendant, and on each count, separately. Therefore, if the defendants do not desire a separate instruction regarding the murder, the government accedes to their view. But if an instruction is deemed appropriate, a suggested version appears here:

> As you have learned, Sgt. James O'Connor was murdered, and the government alleges that that act was committed in furtherance of the charged conspiracy and racketeering enterprise. As you also know, the two defendants on trial, Kelvin Jimenez and Dominique Parker, did not personally commit that murder. Therefore, you may not return a guilty verdict against either Mr. Jimenez or Mr. Parker on any count based simply

on the fact that this murder occurred. Rather, evidence regarding the murder was introduced for more limited purposes, and you may consider this evidence only for those purposes. Specifically, the government was permitted to introduce this evidence to prove that a conspiracy existed, and to prove an alleged racketeering act in furtherance of the charged racketeering enterprise. You may also consider the evidence in assessing whether the defendants' conduct after the murder supports the allegation that they were part of the conspiracy and enterprise, and to explain how and why the government gathered evidence in the place where the murder occurred. Also, as I will separately instruct you, you may consider evidence regarding the murder in assessing the credibility of other cooperating defendants who testified at trial. Evidence regarding the murder should be considered only for the purposes I have stated here.

        Respectfully yours,

        NELSON S.T. THAYER, JR.
        Acting United States Attorney

        */s Ashley N. Martin*
        ASHLEY N. MARTIN
        LAUREN E. STRAM
        CHRISTOPHER DIVINY
        Assistant United States Attorneys

cc (via email): Michael Parkinson, Esq., Thomas Fitzpatrick, Esq.