**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 20-417** |
| | : | |
| **KHALIF SEARS** | : | |
| **a/k/a "Leaf"** | : | |
| **a/k/a "Lil Leaf"** | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Matthew T. Newcomer, Assistant United States Attorney, Deputy Chief, Economic Crimes / Asset Recovery and Financial Litigation Unit, and Ashley N. Martin, Lauren E. Stram, and Christopher Diviny, Assistant United States Attorneys, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On March 22, 2023, Khalif Sears was charged in a Superseding Indictment with RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count Two); murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count Twenty-Six); assault in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Counts Seventeen and Twenty-Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Twenty-Five); using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C § 924(c)(1) (Counts Eighteen and Twenty-Three); murder in the course of using, carrying, and discharging a firearm, in violation of 18 U.S.C. §§ 924(c) and 924(j)(1) (Count Twenty-Seven); possession with the intent to

distribute and distribute of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Twenty-Four); and maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1) (Count Twenty-Nine).

2. The Superseding Indictment also contained two Notices of Forfeiture. Notice of Forfeiture 1 alleged that certain property is forfeitable, pursuant to 21 U.S.C. § 853, as a result of his violations of 21 U.S.C. §§ 846 and 841(a)(1) (Counts Two, Twenty-Four, and Twenty-Nine). The Notice of Forfeiture 1 also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

Notice of Forfeiture 2 alleged certain property is forfeitable, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of the defendant's violations of 18 U.S.C. § 924(c)(1) and 924(j)(1) (Counts Eighteen, Twenty-Three, Twenty-Five, and Twenty-Seven).

3. On January 8, 2025, the defendant entered into a Guilty Plea Agreement whereby he agreed, inter alia, to plead guilty to Counts One, Two, Seventeen, Eighteen, Twenty-Two through Twenty-Five, Twenty-Seven, and Twenty-Nine of the Superseding Indictment. The defendant further agreed not to contest forfeiture as set forth in the Notices of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to his sentencing.

5. On January 15, 2025, the defendant pleaded guilty at his change of plea hearing to Counts One, Two, Seventeen, Eighteen, Twenty-Two through Twenty-Five, Twenty-Seven, and Twenty-Nine of the Superseding Indictment, pursuant to the Guilty Plea Agreement.

6. As a result of his guilty plea, the defendant is required, pursuant to 21 U.S.C. § 853, to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations charged in Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment.

Further, as a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally any firearms and ammunition involved in or used in the violations charged in Counts Eighteen, Twenty-Three, Twenty-Five, and Twenty-Seven of the Superseding Indictment.

7. Based on the facts set forth at the defendant's change of plea hearing, as well as those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two, Eighteen, Twenty-Three through Twenty-Five, Twenty-Seven, and Twenty-Nine of the Superseding Indictment, and that the government has established the requisite nexus between such property and such offenses:

a. **One (1) Mossberg, model 715T, .22 caliber semi-automatic rifle, with an obliterated serial number, loaded with an empty magazine with a maximum capacity of twenty-five (25) rounds;**

b. **One (1) Glock, model 19, 9mm semi-automatic pistol, bearing serial number RFA-920, loaded with sixteen (16) live rounds of ammunition;**

c. **One (1) Polymer80, model P80, 9mm semi-automatic pistol, with no serial number; loaded with thirty-two (32) live rounds of ammunition in an extended magazine;**

d. **One (1) Springfield Armory, model XD-45, .45 caliber semi-automatic pistol, bearing serial number GM417893, loaded with ten (10) live rounds of ammunition;**

e. **One (1) FNH, model Forty-Nine, .40 caliber semi-automatic pistol, with an obliterated serial number that was later restored and determined to be 517NN02488, loaded with eleven (11) live rounds of ammunition;**

f. **One (1) Ruger, model SR-1911, .45 caliber semi-automatic pistol, bearing serial number 671-91844, loaded with eight (8) live rounds of ammunition;**

g. **One (1) Taurus, model PT111 G2C, 9mm semi-automatic pistol, bearing serial number TLW02144, loaded with thirteen (13) live rounds of ammunition;**

h. **One (1) Smith & Wesson, model M&P 40, .40 caliber semi-automatic pistol, bearing serial number NBM7950, loaded with sixteen (16) live rounds of ammunition;**

i. **One (1) Polymer80, model P80, .40 caliber semi-automatic pistol, with no serial number, loaded with fourteen (14) live rounds of ammunition;**

j. **One (1) FNH, model FNS-40, .40 caliber semi-automatic pistol, bearing serial number GKU0124573, loaded with fifteen (15) live rounds of ammunition;**

k. **One (1) Taurus, model G2C, 9mm semi-automatic pistol, bearing serial number TLM61817, loaded with one (1) live round of 9mm ammunition;**

l. **One (1) Zastava, model PAP M92PV, 7.62 x 39mm caliber pistol, bearing serial number M92PV028705, loaded with thirty-one (31) live rounds of 7.62 x 39mm caliber ammunition;**

m. **One (1) Smith & Wesson, model SD40VE, bearing serial number FZY9637, loaded with two (2) rounds of ammunition;**

n. **One (1) Smith & Wesson, model SD9VE, with an obliterated serial number, loaded with eleven (11) rounds of ammunition; and**

o. **KelTec, model P-11, 9mm semi-automatic pistol, bearing serial number AXA36, loaded with eight (8) live rounds of 9mm ammunition,**

as (a) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment; (b) property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations charged in Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment; and/or (c) firearms and ammunition involved in or used in the defendant's violations alleged in Counts Eighteen, Twenty-Three,

Twenty-Five, and Twenty-Seven of the Superseding Indictment (hereinafter referred to as the "Subject Property").

8. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

9. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

10. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

11. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

12. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 7 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Matthew T. Newcomer*
MATTHEW T. NEWCOMER
Assistant United States Attorney
Deputy Chief, Economic Crimes
Asset Recovery and Financial Litigation

*/s Christopher Diviny*
CHRISTOPHER DIVINY
ASHLEY N. MARTIN
LAUREN E. STRAM
Assistant United States Attorneys

Date: October 13, 2026

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 20-417-03** |
| | : | |
| **KHALIF SEARS** | : | |
| **a/k/a "Leaf"** | : | |
| **a/k/a "Lil Leaf"** | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Khalif Sears's guilty plea as to Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment, charging him with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count Two); possession with the intent to distribute and distribute of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Twenty-Four); and maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1) (Count Twenty-Nine), the defendant is required to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, pursuant to 21 U.S.C. § 853.

Further, as a result of the defendant's guilty plea as to Counts Eighteen, Twenty-Three, Twenty-Five, and Twenty-Seven of the Superseding Indictment, charging him with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C § 924(c)(1) (Counts Eighteen and Twenty-Three); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Twenty-Five); and murder in the course of using, carrying, and discharging a firearm, in violation of 18

U.S.C. §§ 924(c) and 924(j)(1) (Count Twenty-Seven), the defendant is required to forfeit criminally any firearms and ammunition involved in or used in such offenses, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. All property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's violations of 21 U.S.C. §§ 846, 841(a)(1), and 856(a)(1), and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the defendant's violations of 21 U.S.C. §§ 846, 841(a)(1), and 856(a)(1), as charged in Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment, are forfeited to the United States.

3. All firearms and ammunition involved in or used in the defendant's violations of 18 U.S.C. §§ 924(c) and 924(j)(1) (Counts Eighteen, Twenty-Three, Twenty-Five, and Twenty-Seven), are forfeited to the United States.

4. The Court has determined, based on the facts set forth at the change of plea hearing, as well as those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two, Eighteen, Twenty-Three through Twenty-Five, Twenty-Seven, and Twenty-Nine of the Superseding Indictment, that the government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

a. **One (1) Mossberg, model 715T, .22 caliber semi-automatic rifle, with an obliterated serial number, loaded with an empty magazine with a maximum capacity of twenty-five (25) rounds;**

**b. One (1) Glock, model 19, 9mm semi-automatic pistol, bearing serial number RFA-920, loaded with sixteen (16) live rounds of ammunition;**

**c. One (1) Polymer80, model P80, 9mm semi-automatic pistol, with no serial number; loaded with thirty-two (32) live rounds of ammunition in an extended magazine;**

**d. One (1) Springfield Armory, model XD-45, .45 caliber semi-automatic pistol, bearing serial number GM417893, loaded with ten (10) live rounds of ammunition;**

**e. One (1) FNH, model Forty-Nine, .40 caliber semi-automatic pistol, with an obliterated serial number that was later restored and determined to be 517NN02488, loaded with eleven (11) live rounds of ammunition;**

**f. One (1) Ruger, model SR-1911, .45 caliber semi-automatic pistol, bearing serial number 671-91844, loaded with eight (8) live rounds of ammunition;**

**g. One (1) Taurus, model PT111 G2C, 9mm semi-automatic pistol, bearing serial number TLW02144, loaded with thirteen (13) live rounds of ammunition;**

**h. One (1) Smith & Wesson, model M&P 40, .40 caliber semi-automatic pistol, bearing serial number NBM7950, loaded with sixteen (16) live rounds of ammunition;**

i. **One (1) Polymer80, model P80, .40 caliber semi-automatic pistol, with no serial number, loaded with fourteen (14) live rounds of ammunition;**

j. **One (1) FNH, model FNS-40, .40 caliber semi-automatic pistol, bearing serial number GKU0124573, loaded with fifteen (15) live rounds of ammunition; and**

k. **One (1) Taurus, model G2C, 9mm semi-automatic pistol, bearing serial number TLM61817, loaded with one (1) live round of 9mm ammunition;**

l. **One (1) Zastava, model PAP M92PV, 7.62 x 39mm caliber pistol, bearing serial number M92PV028705, loaded with thirty-one (31) live rounds of 7.62 x 39mm caliber ammunition;**

m. **One (1) Smith & Wesson, model SD40VE, bearing serial number FZY9637, loaded with two (2) rounds of ammunition;**

n. **One (1) Smith & Wesson, model SD9VE, with an obliterated serial number, loaded with eleven (11) rounds of ammunition; and**

o. **KelTec, model P-11, 9mm semi-automatic pistol, bearing serial number AXA36, loaded with eight (8) live rounds of 9mm ammunition,**

as (a) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment; (b) property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations charged in Counts Two, Twenty-Four, and Twenty-Nine of the Superseding Indictment; and/or (c) firearms and ammunition

involved in or used in the defendant's violations alleged in Counts Eighteen, Twenty-Three, Twenty-Five, and Twenty-Seven of the Superseding Indictment (hereinafter referred to as the "Subject Property").

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

6. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or any subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

7. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

8. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within

thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

9. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

10. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

11. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of ____________________, 2026.

____________________________________

**HONORABLE JUAN R. SANCHEZ**
**United States District Court Judge**

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

**Mariana Rossman, Esquire**
The Rossman, LLC
1500 Walnut Street
7th Floor
Philadelphia, PA 19102
215-913-6290
mrossman@therossmanfirm.com
*Counsel for defendant Khalif Sears*

*/s Christopher Diviny*
CHRISTOPHER DIVINY
LAUREN E. STRAM
ASHLEY N. MARTIN
Assistant United States Attorneys

Date: October 13, 2026